UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MANUEL JOSE AYBAR REYES,<br>    Petitioner, | )<br>)<br>)<br>) |  |
| v. | ) | Civil No. 25-13149-LTS |
| ANTONE MONIZ et al.,<br>    Respondents. | )<br>)<br>)<br>)<br>) |  |

ORDER ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS

November 4, 2025

SOROKIN, J.

Manuel Jose Aybar Reyes, a citizen of the Dominican Republic who is presently in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. His amended petition is ALLOWED to the extent, and for the reasons, explained below.

Aybar Reyes entered the United States in 2022 and has pending removal proceedings in which he is charged with being inadmissible as having crossed the border without inspection. Doc. No. 1 ¶¶ 46, 48. Until recently, he lived in Lawrence, Massachusetts, had a job and paid taxes, and has no criminal record. Id. ¶¶ 46, 48–49. On October 27, 2025, officers with Immigration and Customs Enforcement ("ICE") arrested him, and he is now detained at Plymouth County Correctional Facility ("PCCF"). Id. ¶ 47.

The day of his arrest, Aybar Reyes instituted this action by filing a habeas petition. Doc. No. 1. Two days later, he revised his petition to reflect his transfer from a holding area at an ICE office to PCCF. Doc. No. 6. The amended petition raises claims similar to those the Court has evaluated in other cases. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5,

2025), ECF No. 16.  The respondents answered the petition yesterday.  They "recognize that the legal issues presented . . . are similar to those recently addressed by this Court" <u>Garcia</u> and <u>Encarnacion</u>, and they view those prior decisions as "dispositive here."  Doc. No. 10 at 1, 3 n.4.  Though they continue to disagree with the Court's analysis of the relevant detention statutes, they incorporate their earlier briefing and suggest that no further argument is necessary before the Court renders a decision.  <u>Id.</u> at 1, 3.

The Court adheres to its prior reasoning, as described in the cases the respondents cite, and concludes in light of the respondents' submission that Aybar Reyes is not subject to mandatory detention under 8 U.S.C. § 1225(b).  See also, e.g., <u>Oliveira Gomes v. Hyde</u>, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy); <u>Romero v. Hyde</u>, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (slip copy) (collecting cases from different districts reaching same conclusion).[1]  He is therefore entitled to habeas relief.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release Aybar Reyes unless he is provided a bond hearing under 8 U.S.C. § 1226(a) <u>within seven days of this Order</u>;[2] and 2) the respondents shall not retaliate against Aybar Reyes in the context of the bond hearing or otherwise for filing this habeas petition.

SO ORDERED.

  /s/ Leo T. Sorokin
United States District Judge

---

[1] The number of orders issued in this District rejecting the respondents' position and ordering bond hearings for immigration detainees increases each day and, as far as the undersigned is aware, now includes decisions rendered by at least a dozen judges sitting in this courthouse.  The respondents have cited no case in which any judge in the District of Massachusetts has analyzed the relevant statutes and endorsed the respondents' view.

[2] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk.  <u>Hernandez-Lara v. Lyons</u>, 10 F.4th 19, 42 (1st Cir. 2021).